IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


SWALLEY IRRIGATION DISTRICT,                    Civ. No. 04-1721-AA

            Plaintiff,                          OPINION AND ORDER

     v.

GARY CLEMENT ALVIS, et al.,

            Defendants.
_____

Mark M. LeCoq
Douglas W. MacDougal
Schwabe, Williamson & Wyatt, P.C.
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Ave.
Portland, OR  97204

Daniel H. Israel
1315 Bear Mountain Dr., Suite A
Boulder, CO  80305
     Attorneys for plaintiff


1    - OPINION AND ORDER

William H. Sherlock
Zack P. Mittge
Hutchinson, Cos, Coons, DuPriest, Orr & Sherlock, P.C.
777 High Street, Suite 200
Eugene, OR  97401
    Attorneys for defendants Alvis, DeJarnatt, Robbins, and Ross

AIKEN, Judge:

    Plaintiff filed suit seeking a declaratory judgment that it may proceed with a proposed irrigation project to convert over five miles of an irrigation canal into a buried pipeline.  Plaintiff also seeks a declaration that the conversion of the canal to a buried pipeline will not unlawfully burden defendants' property interests and that defendants remain subject to the rights and privileges possessed by plaintiff.

    Defendants Alvis, DeJarnatt, Robbins, and Ross move for summary judgment, arguing that plaintiff's right of way does not entitle it to construct a buried pipeline over their land. Plaintiff moves for summary judgment, arguing that its bundle of property rights secured by the Act of March 3, 1891 encompasses the conversion of the canal to a buried pipeline.

<u>BACKGROUND</u>

    On March 28, 1923, the United States Department of the Interior approved and granted to the Deschutes Reclamation and Irrigation Company (DRIC) an irrigation right of way "in Tps 16 and 17 S, R 12, W.M., Oregon, map of which was approved March 3, 1903." Defendants' Concise Statement of Material Facts, ¶ 5.  The irrigation right of way was secured by construction of an

2   - OPINION AND ORDER

irrigation canal and the subsequent approval of the Secretary of the Interior pursuant to the Act of March 3, 1891, *as amended*, 43 U.S.C. § 946.

Plaintiff is an irrigation district organized in 1994 for the purpose of delivering water from the Deschutes River to its members and is the successor in interest to DRIC. Pursuant to its irrigation right of way, plaintiff maintains an irrigation canal that is approximately thirteen miles long and delivers water to lands owned by plaintiff's members according to adjudicated water rights. Plaintiff seeks to convert 5.1 miles of the open canal to a buried pipeline, with the conversion and pipeline not to extend beyond its 100-foot wide irrigation right of way.

On November 24, 2004, plaintiff filed suit in this court after several property owners claimed that the pipeline conversion project unlawfully expands the scope of plaintiff's easement and threatened to file suit to challenge the project.

On January 25, 2005, plaintiff filed an Amended Complaint, seeking declaratory relief that plaintiff's conversion of the irrigation canal to the buried pipeline is secured by its irrigation right of way, and that defendants property interests will not be unlawfully burdened by construction of the buried pipeline.

The named defendants - numbering over one hundred and sixty - are property owners who own land adjacent to plaintiff's irrigation

right of way.  Of those, defendants Alvis, Christen, DeJarnatt, Robbins, Ross, Scarth, and Vernon have appeared through counsel. Defendants Bennett, Brassfield, Delany, Kierulff, Perry, Rapp, and Shimp have appeared *pro se*.

On September 26, 2005, defendants Alvis, DeJarnatt, Robbins and Ross moved for summary judgment, and on November 21, 2005, plaintiff filed a cross-motion for summary judgment.  To date, only defendants Alvis, DeJarnatt, Robbins and Ross have responded to plaintiff's motion.

<u>DISCUSSION</u>

Plaintiff argues that the easement secured for the purposes of irrigation under the Act of March 3, 1891 grants plaintiff the authority to convert the irrigation canal into an underground irrigation pipeline, and that such conversion will not increase the burden on defendants' property.  Defendants DeJarnatt and Robbins maintain that the right of way authorized under the Act of March 3, 1891 does not permit an irrigation pipeline.  Further, defendants Alvis and Ross argue that their property was owned by the State of Oregon in 1891 and that plaintiff cannot rely on its easement secured by the Act of March 3, 1891 to construct an irrigation pipeline on their property.

A.  <u>Right of Way Secured by the Act of March 3, 1981</u>

Plaintiff maintain that the irrigation right of way granted to DRIC and secured by the Act of March 3, 1981 entitles plaintiff to

4     - OPINION AND ORDER

convert an irrigation canal into an irrigation pipeline over property now owned by defendants Robbins and DeJarnatt. DeJarnatt and Robbins contend that the express language of the Act limits plaintiff's right of way to open canals and ditches.

The Act of March 3, 1891 (the Act) provides in relevant part:

> The right of way through the public lands and reservations of the United States is granted to any canal ditch company, irrigation or drainage district formed for the purpose of irrigation or drainage, and duly organized under the laws of any State or Territory . . . to the extent of the ground occupied by the water of any reservoir and of any canals and laterals and fifty feet on each side of the marginal limits thereof, and . . . such additional rights of way as the Secretary of the Interior may deem necessary for the proper operation and maintenance of said reservoirs, canals, and laterals; also the right to take from the public lands adjacent to the line of the canal or ditch, material, earth, and stone necessary for the construction of such canal or ditch: Provided, That . . . the privilege herein granted shall not be construed to interfere with the control of water for irrigation and other purposes under authority of the respective States or Territories.

Act of March 3, 1891, c. 561, § 18, 26 Stat. 1101, codified *as amended*, 43 U.S.C. § 946. Thus, the Act grants rights of way for irrigation purposes across federal public lands to any irrigation district or company upon approval by the Secretary of the Interior.

DeJarnatt and Robbins concede that their property is subject to an irrigation right of way granted by the United States to DRIC, plaintiff's predecessor in interest. However, DeJarnatt and Robbins argue that the easement should be strictly construed and limited to the express terms of the Act, and that plaintiff's right of way secured under the Act is thus limited to irrigation canals

and ditches.[1]  I disagree.

While the language of the Act references irrigation canals, ditches and laterals, the Act expressly grants rights of way "for irrigation purposes" with no restriction on the method used for such purposes.  Absent an explicit limitation, "ordinarily a grantee of an easement is not restricted to the methods of use which were current at the time of the grant, but may reasonably change that use over time as long as the burden on the servient estate is not increased." Kell v. Oppenlander, 154 Or. App. 422, 427, 961 P.2d 861 (1998) (brackets, quotation marks and citation omitted); Jones v. Edwards, 219 Or. 429, 433-35, 347 P.2d 846 (1959) ("In the absence of a contrary intent both the uses of the dominant and servient owners are subject to adjustment consistent with the normal development of their respective lands."); see also Kondor v. Prose, 50 Or. App. 55, 61, 622 P.2d 741 (1981) ("The dominant estate owner may make a different, more intensive use of the easement, provided such use does not substantially increase the

_____

[1]Defendants assert and plaintiff admits that on May 26, 1915, the predecessor in interest to defendants DeJarnatt obtained 160 acres from the United States in "Section nine in Township Seventeen South of Range Twelve east of the Willamette Meridian," and that on April 10, 1916, the predecessor in interest to defendant Young obtained 160 acres of land from the United States in "Section Three . . . and Section Four in Township Seventeen South of Range Twelve East of the Willamette Meridian," and that DeJarnatt's and Young's predecessors in interest took the land subject to "a right of way thereon for ditches or canals constructed by the authority of the United States."  Defendants' Concise Statement of Material Facts, ¶¶ 3-4.

burden on the servient estate."); Restatement (Third) of Property: (Servitudes) § 4.10 (2000) ("[T]he holder of an easement . . is entitled to use the servient estate in a manner that is reasonably necessary for the convenient enjoyment of the servitude. The manner, frequency, and intensity of the use may change over time to take advantage of developments in technology and to accommodate normal development of the dominant estate or enterprise benefitted by the servitude.").[2]

Moreover, Congress subsequently expanded the uses allowed under irrigation rights of way secured by the Act:  "Rights of way for ditches, canals, or reservoirs heretofore or hereafter approved under the provisions of sections 946 to 949 of this title may be used for purposes of a public nature; and said rights of way may be used for purposes of water transportation, for domestic purposes, or for the development of power, as subsidiary to the main purpose of irrigation or drainage." 43 U.S.C. § 951. If plaintiff's right of way secured by the Act may be used for the development of hydropower or water transportation, thus implicating the construction of mechanisms necessary to support such uses, I find that plaintiff's right of way permits modification of the method of

---

[2]Defendants argue that irrigation pipelines are not technological advancements to support altering the use under the easement, as irrigation pipelines were recognized in the early 1900s.  See Minto v. Salem Water, Light & Power Co., 120 Or. 202, 250 P. 722 (1926).  Even if irrigation pipelines do not constitute technological advancements, they "accommodate normal development" in the expedient and efficient delivery of water.

irrigation to support the use for which the right of way was granted.

As emphasized by plaintiff, conversion of an irrigation canal to a pipeline is for the purposes of irrigation and promotes water conservation, clean water supplies, and the efficient and expedient delivery of irrigation water. Moreover, plaintiff asserts, without contradiction, that it intends to construct a hydropower facility incident to its irrigation system, and that it cannot successfully implement a hydropower facility with the present system without conversion of the irrigation canal to a pipeline. Declaration of Kevin Crew, p. 2. Thus, I find that plaintiff's right of way secured by the Act for purposes of irrigation and extended for other uses under § 951 permits conversion of plaintiff's irrigation canal to a buried pipeline, provided that the pipeline conversion does not increase the burden on DeJarnatt's and Robbins's property interests. As represented by plaintiff, it does not.

The Act expressly grants plaintiff a right of way "to the extent of the ground occupied by the water . . . of any canals and laterals and fifty feet on each side of the marginal limits thereof." 43 U.S.C. § 946. Plaintiff asserts that the proposed irrigation pipeline will be placed on the bed of the existing canal, and that it will not extend beyond the fifty-feet right of way extending from each side of the canal. Thus, conversion to an irrigation - within these parameters set forth by the Act - will

not increase the existing burden on DeJarnatt's and Robbins's property interests or on those defendants whose property is subject to plaintiff's irrigation right of way.

The cases cited by defendants in support of their motion for summary judgment are not to the contrary. Defendants rely on Imperial Irr. Dist. v. United States Envtl. Prot. Agency, 4 F.3d 774 (9th Cir. 1993) to support their argument that water conveyed by pipelines is "distinct from open river channels or canals." Id. at 776. However, at issue in Imperial was whether the plaintiff's irrigation canals were a "public water system" under the Safe Drinking Water Act of 1974, so as to authorize an emergency order issued against the plaintiff by the Environmental Protection Agency (EPA). In finding that the EPA lacked such authority, the Ninth Circuit relied on the statutory definition of "public water system" as a system of "piped water for human consumption," and held that "[i]f Congress had intended to apply the SDWA's strict standards to water systems delivering water via open conveyances as well as to systems using pipes, it would not have used the term 'piped.'" Id.

The facts of this case are distinguishable from those in Imperial. Most significantly, this case does not involve the interpretation of statutory definitions that define governmental authority over the regulation of water. Rather, this case involves an easement granted by Congress for "purposes of irrigation," and the scope of property rights secured to the easement holder.

9    - OPINION AND ORDER

Although the terms "canals" and "ditches" are referenced in the Act of March 3, 1891, the Act does not limit irrigation "purposes" to those methods. As explained above, well-established principals of property law allow modification of uses under an easement, so long as such changes are not contrary to the purpose of the easement and do not increase the burden on the servient property.

Defendants also rely on Minto v. Salem Water, Light & Power Co., 120 Or. 202, 250 P. 722 (1926). There, the Oregon Supreme Court found that an easement providing for the "exclusive right of way to lay down, use, and repair pipes for conveying water and to construct, use, maintain, and repair wells, cisterns, and filtering cribs" did not entitle the defendant to construct ditches, a pump, and a shed to deliver water to a 3-acre pond. Id. at 206-07, 212-13, 250 P. 722. The Oregon Supreme Court relied on the explicit language of the easement that required the defendant to "place all pipes, well, cisterns, and filtering cribs . . . far enough below the surface so that they will in no way interfere with the cultivation of the soil or with transportation over said land, or damage [plaintiff] either or in cultivation of the same." Id. at 205-06, 250 P. 722. Thus, the Court held: "In light of the specific restrictions that the defendant's operations be below the surface of the ground, we cannot, under the guise of construing the instrument, change the plan import of its language so as to create the right to carry on operations above the surface of the ground."

Id. (emphasis added).

Like Imperial, the facts of Minto are distinguishable from those in this case. Unlike the easement in Minto, the Act of March 3, 1891 does not impose any specific restriction as to whether the irrigation methods shall be above or below the surface of the ground. Rather, the only specific limitation imposed is that the right of way be for "purposes of irrigation" and extend only "to the ground occupied by the water of any reservoir and of any canals and laterals and fifty feet on each side." 43 U.S.C. § 946. Plaintiff represents that the pipeline will be laid at the bottom of the existing canal and within the fifty foot right of way extending from each side of the canal. Thus, unlike Minto, plaintiff's irrigation pipeline will not exceed the parameters of the right of way set forth by the Act.[3]

In sum, with respect to defendants DeJarnatt and Robbins and other defendants who acquired land subject to an irrigation right of way granted by the United States, I find that the pipeline

_____

[3]The parties also dispute whether plaintiff possesses an easement or a limited fee with a right of reverter to the United States. See Kern river Co. v. United States, 257 U.S. 147, 152 (1921) ("The right of way intended by the act [of March 3, 1891] was neither a mere easement nor a fee simple absolute, but a limited fee on an implied condition of reverter in the event the grantee ceased to use or retain the land for the purpose indicated in the act."); Bijou Irr. Dist. v. Empire Club, 804 P.2d 175, 182 (Colo. 1991) (Act authorizes grant of easements not limited fees). Regardless, even if plaintiff's property interest in merely an easement rather than a limited fee, the conversion of the irrigation canal to a pipeline is within that interest.

conversion is encompassed by plaintiff's right of way granted under the Act, and that conversion of the canal to a pipeline will not increase the burden on the property interests of these defendants.

B.  Lands Acquired by the State of Oregon in 1859

Defendants Alvis and Ross argue that they are entitled to summary judgment, because their property was acquired by the State of Oregon upon statehood in 1859, and the Act authorizes irrigation rights of way only over lands "of the United States."  See 43 U.S.C. § 946.  Thus, Alvis and Ross maintain that the Act did not grant DRIC, plaintiff's predecessor in interest, an irrigation right of way over lands owned by the State or Oregon, and that plaintiff cannot rely on the Act to construct an irrigation pipeline over their properties.

Plaintiff concedes that a section of land in "Section Sixteen, Township Seventeen, South of Range Twelve East of the Willamette Meridian" - including property now owned by Alvis and Ross - was acquired by the State of Oregon in 1859, and that the Act did not secure an irrigation right of way over this property.[4]  In addition to Alvis and Ross, *pro se* defendants Bennett, Delany, Perry, Rapp and Shimp allege that their properties lie within Section Sixteen,

---

[4]Plaintiff admitted that on February 5, 1902, predecessors in interests to defendants Alvis and Ross obtained 160 acres from the State of Oregon in "Section Sixteen, Township Seventeen, South of Range Twelve East of the Willamette Meridian," and that prior to its conveyance in 1902, this property in Section 16 was state public lands acquired by the State of Oregon in 1859. Defendants' Concise Statement of Material Facts, ¶¶ 1-2.

12    - OPINION AND ORDER

Township Seventeen, South of Range Twelve East of the Willamette Meridian. If so, plaintiff's concession applies to the properties of these *pro se* defendants as well.

However, plaintiff contends that legislation passed by the Oregon legislature on February 18, 1891, February 18, 1899, and May 28, 1905 authorized or granted DRIC an irrigation right of way over state lands now owned by Alvis and Ross and other defendants. Likewise, although not cited by plaintiff, an expert report prepared on behalf of plaintiff states that the State of Oregon granted DRIC an irrigation right of way through contract, and that 1905 Or. Laws ch. 228 secured that right of way for irrigation purposes. Declaration of William Sherlock, Ex. 1, pp. 5-6.

In reply, Alvis and Ross emphasize that plaintiff's Amended Complaint does not seek relief under state law. Further, Alvis and Ross argue that the court should not exercise supplemental jurisdiction over any state law claim asserted by plaintiff, because no federal question exists with respect to plaintiff's right of way over their property.

I agree that plaintiff's claims for declaratory relief asserted in its Amended Complaint are based solely on the Act of March 3, 1891, and that any claim to an irrigation right of way based on state law or other instrument is not before this court. See Amended Complaint, ¶¶ 3, 5, 13, 15. However, if plaintiff amends its complaint to seek relief under state law or contract as

13   - OPINION AND ORDER

well as the Act, such claims would be "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Thus, if plaintiff intends to rely on state law or contract to support an irrigation easement over lands owned by Alvis, Ross, and other similarly situated defendants, plaintiff must amend its complaint to include these allegations <u>and provide a copy</u> of the contract, statute, or other legislation on which it relies. Upon amendment, both parties are granted leave to file dispositive motions as deemed appropriate.

In sum, I find that the Act of March 3, 1891 did not secure an easement over lands acquired by the State of Oregon in 1859, and that plaintiff cannot rely on the Act for the relief it seeks with respect to property owned by defendants Alvis and Ross as well as property owned by other named defendants located within Section 16 lands to which plaintiff admits the Act does not apply.

<u>CONCLUSION</u>

Defendants' Robbins, Alvis, Dejarnatt, and Ross's Motion for Summary Judgment (doc. 211) is DENIED with respect to defendants Robbins and DeJarnatt and GRANTED with respect to defendants Alvis and Ross. Plaintiff's Motion for Partial Summary Judgment (doc. 217) is GRANTED in part and DENIED in part.

Plaintiff is entitled to a declaratory judgment that it may construct an irrigation pipeline over lands subject to the

14   - OPINION AND ORDER

irrigation right of way granted to plaintiff's predecessor and secured under the Act of March 3, 1891.  Further, plaintiff is entitled to a declaratory judgment that conversion of the canal to a buried pipeline will not unlawfully burden the property rights of defendants who own such lands, provided it does not extend below the bottom of the existing canal or beyond fifty feet from each side of the canal.

Plaintiff is granted leave to amend its complaint to seek a declaratory judgment regarding whether it may proceed with the pipeline conversion over lands acquired by the State of Oregon in 1859 and to which the Act of March 3, 1891 does not apply.

IT IS SO ORDERED.

Dated this ___1___ day of March, 2006.


_____/s/ Ann Aiken_____
Ann Aiken
United States District Judge


15   - OPINION AND ORDER