IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SWALLEY IRRIGATION DISTRICT,                    Civ. No. 04-1721-AA

       Plaintiff,                                OPINION AND ORDER

   v.

GARY CLEMENT ALVIS, et al.,

       Defendants.
_____

AIKEN, Judge:

    Plaintiff moves for entry of default and final judgment against numerous defendants who have failed to appear in this action. Plaintiff also seeks final judgment against defendants who have appeared and are subject to the court's rulings dated March 1, 2006 and November 16, 2006. In turn, defendants Alvis, DeJarnatt, Robbins, Ross, Hancock and Summers move to dismiss plaintiff's

1    - OPINION AND ORDER

Second Amended Complaint based on plaintiff's failure to serve numerous defendant within 120 days after filing.

Plaintiff's motions for default judgment are denied, although the court issues entries of default against most defendants who were served but failed to appear.  The motion to dismiss is denied.

BACKGROUND

On November 24, 2004, plaintiff filed suit seeking a declaratory judgment that an irrigation right of way secured by its predecessor under the federal Act of March 3, 1891 permits plaintiff to convert its irrigation canal into an underground pipeline.  Plaintiff also sought a declaration that conversion of the canal to a buried pipeline will not unlawfully burden defendants' servient property interests.

On March 1, 2006, I issued an Opinion and Order granting plaintiff's motion for partial summary judgment, in part. Specifically, I agreed that plaintiff's irrigation right of way secured by the Act of March 3, 1891 allows plaintiff to convert the irrigation canal to a buried pipeline.  Further, I found that plaintiff is entitled to a declaratory judgment that an underground pipeline will not unlawfully burden the servient property rights of defendants subject to plaintiff's right of way under the Act, provided that the pipeline does not extend below the bottom of the existing canal or beyond fifty feet from each side of the canal. See Act of March 3, 1891, *as amended*, 43 U.S.C. § 946.

2    - OPINION AND ORDER

However, I also found that plaintiff could not rely on the
Act of March 3, 1891 to support the pipeline conversion over
property within Section Sixteen, Township Seventeen South, Range
Twelve East of the Willamette Meridian (Section Sixteen), because
such lands were acquired by the State of Oregon in 1859. See
Opinion and Order dated March 1, 2006, p. 12. As plaintiff alleged
no other basis for its claims, I allowed plaintiff leave to amend
its complaint regarding property within Section Sixteen.

On March 31, 2006, plaintiff filed a Second Amended Complaint,
alleging that it had secured an irrigation right of way within
Section Sixteen pursuant to Oregon law, and that it may convert the
canal to an underground irrigation pipeline accordingly. Plaintiff
served the Second Amended Complaint on defendants Alvis, DeJarnatt,
Robbins, Ross, Bennett, Delany, Perry, Rapp, and Shimp.

Plaintiff then filed a second motion for partial summary
judgment regarding the pipeline conversion within Section Sixteen
and sought permission to begin the pipeline conversion over non-
Section Sixteen lands. In an Opinion and Order dated November 16,
2006, I found that none of the Oregon laws cited by plaintiff
supported its claimed irrigation right of way within Section
Sixteen. Nevertheless, I found that various plat maps and title
reports reflect plaintiff's irrigation right of way over properties
within Section Sixteen, and that those defendants accepted title to
their properties subject to plaintiff's right of way.

3    - OPINION AND ORDER

With respect to plaintiff's request to expedite conversion of the pipeline, I noted that plaintiff had not sought judgment against any defendant subject to plaintiff's right of way under the Act of March 3, 1891 as alleged in the First Amended Complaint. Further, I noted that plaintiff had not served its Second Amended Complaint alleging Section Sixteen claims on any defendant other than Alvis, Bennett, Delaney, Perry, Rapp, and Shimp. I explained that before final judgment could issue in this case, plaintiff must effectuate service of the Second Amended Complaint on all defendants who own property within Section Sixteen, and that plaintiff must submit appropriate evidence, such as plat maps and/or title reports, to support final judgment against defendants who had failed to appear.

In November and December of 2006, plaintiff served the Second Amended Complaint on defendants and other persons who allegedly own Section Sixteen property subject to its irrigation right of way.

On December 29, 2006, plaintiff moved for entry of default judgment against defendants who have failed to appear and who own property along a 1.7 mile stretch of plaintiff's irrigation right of way outside of Section Sixteen. On January 9, 2007, plaintiff moved for entry of default judgment against all remaining defendants who have not appeared. Plaintiff provided numerous deeds and plat maps in support of its motions. Also on January 9, 2007, plaintiff moved for entry of judgment against all defendants

who have appeared, either through counsel or *pro se*.[1]

On February 12, 2007, defendants Alvis, DeJarnatt, Robbins, Ross, Hancock, and Summers moved to dismiss plaintiff's Second Amended Complaint for failure to serve numerous defendants.

DISCUSSION

A.  Defendants' Motion to Dismiss

Defendants Alvis, DeJarnatt, Robbins, Ross, Hancock and Summers move to dismiss plaintiff's Second Amended Complaint as to those defendants who were not served within 120 days after the complaint was filed on March 31, 2006.  I decline to do so. Notably, defendants Alvis, DeJarnatt, Robbins, Ross, Hancock, and Summers lack standing to assert untimely service on behalf of other defendants.

Moreover, while several defects in service remain (as explained below), under the broad discretion I am afforded under Federal Rule of Civil Procedure 4(m), I decline to dismiss the Second Amended Complaint.  As noted by defendants, dismissal would be without prejudice and plaintiff could simply re-file the complaint.  Thus, no purpose - other than unnecessary delay - is

_____

[1]The following defendants have appeared in this action: Gary Clement Alvis, Stewart C. Bennett, John Brassfield, Brian Christen, Patricia Christen, Gary DeJarnatt, Roxanne DeJarnatt, David A. Delaney, Sheila D. Delaney, David M. Hancock, Lawrence P. Kierluff, Anthony M. Perry, Carl J. Rapp, Shelly R. Rapp, Garrett M. Rice, John P. Robbins, B. Neil Ross, Christine A. Ross, Larry W. Scarth, Nicholas W. Shimp, Matthew J. Summers, and Guy Vernon.

5    - OPINION AND ORDER

served by dismissal.    Rather, plaintiff again will be ordered to effectuate service on all defendants before final judgment may issue.

B.  Plaintiff's Motions for Default Judgment

Plaintiff seeks default judgment against numerous defendants who have failed to appear or respond to plaintiff's First and/or Second Amended Complaints.  Plaintiff also moves for entry of final judgment against those defendants who have appeared and are subject to the findings made in the Opinion and Orders dated March 1, 2006 and November 16, 2006.  Based on the evidence submitted by plaintiff, I find that it is entitled to entry of default against most defendants who have not appeared.  However, because plaintiff failed to serve the Second Amended Complaint on several defendants and failed to provide evidence regarding the scope of its irrigation right of way as to several Section Sixteen properties, the court cannot issue final judgment.

First, plaintiff failed to serve the Second Amended Complaint on several named defendants who own property within Section Sixteen:  Barbara Bennett, Oscar B. Bratton, William C. Dilworth, Jill H. Dubisar, Barbara J. Geraghty, Edward P. Geraghty, Ronald Hargreaves, Susan M. Hartzell, Kenneth D. Hobson, Gunda Krischik, Theil Larson, and Gregory S. Shipley.  No return of summons or Affidavit of Service was filed with respect to any of these defendants, and default judgment cannot be entered against them.

Second, plaintiff has not served the Second Amended Complaint on certain defendants who sold their interests in the subject property before issuance of the Second Amended Complaint.    For example, defendant Berkeley Brestal sold his property to Kathy L. and Richard A. Trudel prior to service of the Second Amended Complaint.    Plaintiff subsequently served the Trudels, but not Brestal, with the Second Amended Complaint.    Thus, plaintiff served the Second Amended Complaint on persons who are not parties rather than the named defendant.

Plaintiff is correct that a defendant's transfer of interest in property subject to plaintiff's irrigation easement does not require, necessarily, the substitution of parties or service on the transferee.    "In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party."    Federal Rule of Civil Procedure 25(c).    Thus, "Rule 25(c) is not designed to create new relationships among parties to a suit but is designed to allow the action to continue unabated when an interest in the lawsuit changes hands." Collateral Control Corp. v. Deal, 638 F.2d 1362, 1364 (5th Cir. 1981).

> The most significant feature of Rule 25(c) is that it
> does not require that anything be done after an interest
> has been transferred.  The action may be continued by or
> against the original party, and the judgment will be
> binding on his successor in interest even though he is
> not named.

In re Bernal, 207 F.3d 595, 598 (9th Cir. 2000) (quoting 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1958 (2d Ed. 1986) (footnote omitted)).[2]

However, plaintiff did not serve the Second Amended Complaint and maintain its claims against the original property owners. Rather, plaintiff served the persons who purchased the properties without substituting them as defendants. Therefore, plaintiff must serve the Second Amended Complaint on the following defendants before final judgment may issue: Gary Bernard; Ronald E. Bessling; John Brassfield; Berkeley Brestal; John R. Cullen; Kathleen G. Cullen; Neils Elbek; Amber Elbek; John R. Monroe and B. Earline Monroe (as Trustees for the John R. Monroe and B. Earline Monroe Family Trust); Joyce Purcell (as Trustee for the Joe B. Purcell and Joyce A. Purcell Revocable Trust); RV Investment Co.; Richard Stansill; Lava Crest Development, L.L.C; and Tangle Creek Partners, L.L.C. [3]

---

[2]I note that in several cases, original defendants who were served with the First and/or Second Amended Complaint have since transferred their property, including Jared and Jennifer Jorgenson, Larry Scarth, and Trevor Wheelis. Thus, under Rule 25(c), the transferees acquired the property subject to plaintiff's irrigation right of way.

[3]The following are persons who purchased the defendants' properties and were served with the Second Amended Complaint: Platt Properties, LLC/Gilbert and Suzanne Platt (Gary Bernard); Ronald E. David A. and Susan K. Fuller (Ronald E. Bessling); James and Paula Eckstein (John Brassfield); Kathy L. and Richard A. Trudel (Berkeley Brestal); Stacy Lane Investments (John R. and Kathleen G. Cullen); Crystal Schweizterhof (Neils and Amber Elbek); Alan and Lisa Nunes (John R. Monroe and B. Earline Monroe

Third, plaintiff effectuated service of the First and/or Second Amended Complaint on several defendants but failed to provide evidence to establish the scope of plaintiff's irrigation right of way with respect to their properties. These defendants include: Joan R. Bratton; Kenneth A. Carlson; Alfred J. Catuto; Calvin Gabert; Dave Houston and Lorene W. Houston (as Trustees for DLH Construction Inc. Profit Sharing Plan and Trust and the Houston Trust); I.S. Properties Ltd. Partnership; Cathy Ramsay (as Trustee for the Cathy Ramsay Revocable Trust); Edward L. Ramsay (as Trustee for the Edward L. Ramsay Revocable Trust); Martha Ann Roe; Ronald W. Scott; Donna B. Scott; Steidl Dam Co., Inc.; Sylma Co.; Ron Varcoe; and Guy Vernon.[4] Thus, before final judgment is entered against these defendants, plaintiff shall provide relevant deeds and plat maps of their respective properties.

Finally, plaintiff effectuated service of the Second Amended Complaint on several persons who are not parties. The following

---

as Trustees); David and Diane Thallon (Joyce Purcell as Trustee); Matthew Jenkins (RV Investment Co.); Kenneth and Neva Parker (Richard Stansill); Hollman Company (Lava Crest Development, L.L.C); and No Ka Oi Construction, Inc. (Tangle Creek Partners).

[4]Notably, defendants Kenneth Carlson, Alfred Catuto, Dave Houston, Lorene Houston, I.S. Properties, Cathy Ramsay, Edward Ramsay, Martha Ann Roe, Steidl Dam Co., and Sylma Co. were served with the First Amended Complaint only. Therefore, if any of these defendants own property within Section Sixteen, plaintiff also must serve them with the Second Amended complaint. Because the court is able to discern that Joan Bratton, Calvin Gabert, Ronald Scott, Donna Scott, Ron Varcoe and Guy Vernon own property within Section Sixteen and were served with the Second Amended Complaint, the court will find them in default.

parties apparently acquired property during the pendency of this case, but neither they nor the previous owners are named as defendants:[5]    Rick Crillone, Jamie Priore-Stangel, and Jamie Stangel (Crown Equity); Boyd Acres Partners, L.L.C. (Chet Antonsen); Charles and Teresa Hutchings (No Ka Oi Construction); Galen and Meghan Blyth (Jennifer King); Laurie Lee and Robert Dickey (Denise Bailey).  Plaintiff also obtained stipulations from the Central Oregon Irrigation District, Deschutes County, Carolyn Rogers, and Richard Umbarger, although none are named as defendants.    While the stipulations and service of the Second Amended Complaint on non-parties do not affect issuance of final judgment, plaintiff is advised nonetheless.

CONCLUSION

Plaintiff's Motions for Entry of Default and Final Judgment (doc. 321, 323, 324) and Defendants' Motion to Dismiss (doc. 340) are DENIED.  Defendants' Motion for Expansion of Time to File Response (doc. 328) is GRANTED.

The following defendants failed to appear after service of plaintiff's First and/or Second Amended Complaint. Accordingly, IT IS HEREBY ORDERED that default is entered against the following defendants:  Todd L. Andresen; Sharla I. Andresen; Frank H. Baker and Kathleen A. Baker (as Trustees for Frank H. Baker Revocable

---

[5]Persons from whom the properties were acquired are identified in parentheses.

10   - OPINION AND ORDER

Trust); Louis Bartfield; C. William Boyd; Greg Brady; Paul B. Brewer, Donna Marie Brewer, and Paul Barton Brewer (as Trustees for Brewer Family Trust); Thomas M. Clabough; Jerome Daniel; Dawna Daniel; Karen L. Dunaway; Patricia H. Edwards; Entrada Lodge, Inc.; Garett J. Floyd; Kristin M. Floyd; Michael Franklin; Marilyn Hancock; Frank V. Jacobsen, Jr.; Jared H. Jorgensen; Jennifer L. Jorgensen; Kissler Enterprises Ltd. Partnership; Gary D. Knight; Ron La Franchi; Tim A. LaRocco; Richard Layne and Mildred H. Layne (as Trustees for Layne Family Trust); Mark A. Lewis; Deborah D. Lewis; Eugene J. Mayea; Emarine Marie Mayea; Jerry L. Morris; Lynne L. Morris; Lawrence R. Nichols; Joyce L. Nichols; Randall E. Olson; 2221 Park Place Associates, L.L.C.; Pekkola-Mombert Properties, L.L.C.; James A. Peltier; Dwight O. Reynolds; River's Edge Investments L.L.C.; RPP Bend I, L.L.C.; Duane C. Schofield (as Trustee for Duane C. Schofield Trust); Schofield Family Ltd. Partnership; Bryan G. Sessions; ShopKo Stores, Inc.; Joseph E. Shull; Harold W. Simpson; Susan M. Simpson; Thomas J. Skeels; Paula Skeels; Gregory A. Smith; Anna M. (Morrison) Spencer (as Trustee for Anna Morrison Spencer Trust 1997); M. Jane Spink; Robert W. Stagg; Trudi C. Stagg; Rebecca K. Stinnette; Vision Properties, L.L.C.; Boyd Warf; Trevor Wheelis; Bruce H. Wulf; Barbara Wulf; Karen J. Young; Sheila J. Zachary; and William S. Zeigler.

With respect to these defendants, plaintiff is entitled to a declaratory judgment that their properties are subject to

11  - OPINION AND ORDER

plaintiff's irrigation right of way as secured under the Act of March 3, 1891, and that plaintiff's conversion of its irrigation right of way will not unduly burden defendants' servient property interests.

The following defendants failed to appear after service of plaintiff's Second Amended Complaint. Accordingly, IT IS HEREBY ORDERED that default is entered against the following defendants: James H. Bachman; Betty Jean Booher; Joan R. Bratton; Cousin's Construction, Inc.; James C. Edwards; Calvin L. Gabert; Donald Lee Gardner; David W. Gardner; Robert Patrick Gielow; Daniel H. Gilder; Sandra D. Gilder; Doreen D. Green; Sonnie Lila Grossman; Doris S. Hargreaves; Jeffrey O. Harmon; Elizabeth T. Hartnett; Ray R. Hartzell; Paul Guy Kennedy; Jeanette Grace Kight (as Trustee for the Jeanette Grace Kight Revocable Trust); Edward P. Kingzett; Detlev Krischik; Geo A. Larsen; Thomas L. Luelling; Jessica L. Masters; Lucy A. O'Callaghan; James D. Robertson, Sharon K. Robertson, and Judith G. Brown (as Trustees for Saratoga Family Trust); Richard B. Sack; Elizabeth D. Sack; Randall S. Schoning; Ronald W. Scott; Donna B. Scott; Doris L. Shipley; Ron Varcoe; Nita Walker; Bradley Warkentin; and Marcia L. Yarbrough.

With respect to these defendants, plaintiff is entitled to a declaratory judgment that their properties are subject to plaintiff's irrigation right of way as set forth on relevant deeds and plat maps, and that plaintiff's conversion of its irrigation

canal to an irrigation pipeline will not unduly burden defendants'
servient property interests.

With respect to those defendants who have appeared, the court
previously ruled that defendants Gary DeJarnatt, Roxanne DeJarnatt,
and John P. Robbins are subject to plaintiff's irrigation right of
way secured under the Act of March 3, 1891. Additionally, based on
statutory warranty deeds submitted by plaintiff, defendants Brian
Christen, Patricia L. Christen, David M. Hancock, and Matthew J.
Summers have interest in non-Section Sixteen properties that are
subject to plaintiff's irrigation right of way. Therefore
defendants Brian Christen, Patricia L. Christen, David M. Hancock,
and Matthew J. Summers are subject to plaintiff's irrigation right
of way secured under the Act of March 3, 1891 pursuant to the
court's Opinion and Order dated March 1, 2006.

Similarly, the court previously ruled that defendants Gary
Clement Alvis, Stewert C. Bennett, David A. Delaney, Sheila D.
Delaney, Lawrence P. Kierluff, Anthony M. Perry, Carl J. Rapp,
Shelly R. Rapp, B. Neil Ross, Christine A. Ross, and Nicholas W.
Shimp are subject to plaintiff's irrigation right of way as set
forth in relevant warranty deeds, title reports, and plat maps.
Based on plaintiff's submissions to the court in support of its
motions, defendants John S. Brassfield (once service is
effectuated), Garrett M. Rice, Larry W. Scarth, and Guy Vernon are
likewise subject to plaintiff's irrigation right of way pursuant to

13   - OPINION AND ORDER

the court's Opinion and Order dated November 16, 2006.

Once plaintiff has effectuated service of the Second Amended Complaint against the defendants identified and submitted evidence regarding the scope of its irrigation right of way on certain properties identified, plaintiff may seek entry of final judgment. At that time, the court will set forth the scope of plaintiff's irrigation right of way as to each defendant within Section Sixteen.

IT IS SO ORDERED.

Dated this 23rd day of March, 2007.

_____
Ann Aiken
United States District Judge

14   - OPINION AND ORDER