IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SWALLEY IRRIGATION DISTRICT,                Civ. No. 04-1721-AA

    Plaintiff,                                                ORDER

    v.

GARY CLEMENT ALVIS, et al.,

    Defendants.

_____

AIKEN, Judge:

    The lengthy background and legal rulings of this case are recited in the court's opinions and orders dated March 1, 2006, November 16, 2006, and March 23, 2007; I will not repeat them here. Now before the court are several defendants' motion to dismiss, plaintiff's motion for summary judgment against certain defendants, and plaintiff's renewed motion for final judgment.

    Defendants Alvis, Blyth, DeJarnatt, Hancock, Hutchings, Robbins, Ross, and Summers move to dismiss plaintiff's complaint for failure to comply with court orders. Defendants argue that, contrary to the court's prior rulings, plaintiff is proceeding to

1   - ORDER

excavate ground within the irrigation canal on non-Section 16 property owned by Jane Spink. However, Ms. Spink has not raised this issue on her behalf, and defendants fail to explain why they possess standing to do so. Moreover, the pictures provided by defendants do not establish that plaintiff is excavating below the bed of the canal. <u>See</u> Declaration of Gary DeJarnatt, Exs. 1-3. To the contrary, the pictures appear to depict the removal of rocks and boulders in the canal bed, as asserted by Nicholas O. Weekly, project manager for the pipeline conversion. Declaration of Nicholas O. Weekly. Indeed, Mr. Weekly avers that plaintiff is not inclined to excavate below the bed of the canal - even if so requested - because of the extra cost. Finally, even if plaintiff was excavating below the bed of the canal, dismissal is not the appropriate remedy. Therefore, defendants' Motion to Dismiss (doc. 381) is DENIED.

As ordered by the court on October 2, 2007, plaintiff filed a Third Amended Complaint naming Rick Crillone, Jamie Priore-Stangel, Jamie Stangel, Boyd Acres Partners, LLC, Charles and Teresa Hutchings, Galen and Meghan Blyth, and Laurie Lee and Robert Dickey as defendants in this proceeding.

After service of the Third Amended Complaint on these defendants, plaintiff reached stipulated agreement with defendants Boyd Acres Partners, LLC, Laurie Lee and Robert Dickey, Rick Crillone, Jamie Priore-Stangel, and Jamie Stangel. Accordingly,

2   - ORDER

these defendants are subject to plaintiff's irrigation right-of-way as set forth in their stipulated agreements.

However, defendants Blyth and Hutchings filed Answers contesting plaintiff's authority to construct an irrigation pipeline. Plaintiff now seeks summary judgment against these defendants based on the court's prior rulings.

Defendants Blyth and Hutchings argue that plaintiff fails to present any evidence that it is entitled to convert its irrigation canal to a pipeline over their properties. While Blyth and Hutchings concede that plat maps referred to in deeds can give rise to an easement, they maintain that the right of way granted to plaintiff was expressly limited to a "canal" as described on the plat maps for their properties.

Regardless of the "canal" reference, plaintiff possesses an irrigation right of way. For the reasons explained in the court's Opinions and Orders dated March 1, 2006 and November 16, 2006, I find that conversion of plaintiff's irrigation canal to a pipeline is encompassed within the scope of plaintiff's easement. Accordingly, plaintiff's Motion for Summary Judgment against defendants Blyth and Hutchings (doc. 357) is GRANTED.

Now that all defendants have been served and plaintiff has submitted property information necessary for final judgment, plaintiff's Motion for Final Judgment (doc. 358) is GRANTED.

As set forth in the court's Opinion and Order dated March 1,

3    - ORDER

2006, non-Section Sixteen properties of the following defendants are subject to plaintiff's fifty-foot irrigation right of way as secured under the Act of March 3, 1891:  Todd L. and Sharla I. Andresen; Frank H. and Kathleen A. Baker (as Trustees for Frank H. Baker Revocable Trust); Louis Bartfield; C. William Boyd; Greg Brady; Paul B. Brewer, Donna Marie Brewer, and Paul Barton Brewer (as Trustees for Brewer Family Trust); Kenneth A. Carlson; Alfred J. Catuto; Thomas M. Clabough; Brian and Patricia L. Christen; Jerome and Dawna Daniel; Gary and Roxanne DeJarnatt; Karen L. Dunaway; Patricia H. Edwards; Entrada Lodge, Inc.; Garett J. and Kristin M. Floyd; Michael Franklin; David M. and Marilyn Hancock; I.S. Properties Limited Partnership; Frank V. Jacobsen, Jr.; Jared H. and Jennifer L. Jorgensen; Kissler Enterprises Ltd. Partnership; Gary D. Knight; Ron La Franchi; Tim A. LaRocco; Richard Layne and Mildred H. Layne (as Trustees for the Layne Family Trust); Mark A. and Deborah D. Lewis; Eugene J. Mayea and Emarine Marie Mayea (as Trustees for the Mayea Family Trust); Jerry L. Morris; Lynne L. Morris; Lawrence R. and Joyce L. Nichols; Randall E. Olson; 2221 Park Place Associates, L.L.C.; Pekkola-Mombert Properties, L.L.C.; James A. Peltier; Cathy Ramsay (as Trustee for the Cathy Ramsay Revocable Trust); Edward L. Ramsay (as Trustee for the Edward L. Ramsay Revocable Trust); Dwight O. Reynolds; River's Edge Investments L.L.C.; RPP Bend I, L.L.C.; John P. Robbins; Martha Ann Roe; Duane C. Schofield (as Trustee for Duane C. Schofield Trust);

Schofield Family Ltd. Partnership; Randall S. Schoning (Gosney Road property); Bryan G. Sessions; ShopKo Stores, Inc.; Joseph E. Shull; Harold W. and Susan M. Simpson; Thomas J. and Paula Skeels; Gregory A. Smith; Anna M. (Morrison) Spencer (as Trustee for Anna Morrison Spencer Trust 1997); M. Jane Spink; Robert W. and Trudi C. Stagg; Steidl Dam Co., Inc.; Rebecca K. Stinnette; Matthew J. and Kimberly K. Summers; Sylma Co.; Vision Properties, L.L.C.; Boyd Warf; Trevor Wheelis; Bruce H. and Barbara Wulf; Karen J. Young; Sheila J. Zachary; and William S. Zeigler.

As set forth in the court's Opinion and Order dated November 16, 2006, Section Sixteen properties of the following defendants are subject to plaintiff's irrigation right of way as set forth on relevant warranty deeds, title reports, and plat maps: Gary Clement Alvis (20 feet); James H. Bachman (20 feet); Barbara L. Bennett (20 feet); Stewart C. Bennett (20 feet); Gary R. Bernard (40 feet); Ronald E. Bessling (20 feet); Galen and Meghan Blyth (50 feet); Betty Jean Booher (20 feet); John S. Brassfield (20 feet); Joan R. and Oscar B. Bratton (20 feet); Berkeley Brestal (40 feet); Cousin's Construction, Inc. (50 feet); John R. and Kathleen G. Cullen (20 feet); David A. and Sheila D. Delaney (20 feet); William C. Dilworth (20 feet); Jill H. Dubisar (20 feet); James C. Edwards (20 feet); Niels and Amber Elbek (20 feet); Calvin L. Gabert (20 feet); Donald Lee Gardner (20 feet); David W. Gardner (20 feet); Barbara J. and Edward P. Geraghty (50 feet); Robert Patrick Gielow

5   - ORDER

(20 feet); Daniel H. and Sandra D. Gilder (20 feet); Doreen D. Green (50 feet); Sonnie Lila Grossman (20 feet); Doris S. and Ronald Hargreaves (20 feet); Jeffrey O. Harmon (20 feet); Elizabeth T. Hartnett (20 feet); Ray R. and Susan M. Hartzell (20 feet); Kenneth D. Hobson (40 feet); Dave Houston (as Trustee for DLH Construction Inc. Profit Sharing Plan and Trust) (20 feet); Dave Houston and Lorene W. Houston (as Trustees for the Houston Trust) (20 feet); Charles and Teresa Hutchings (Summer Meadows property/50 feet and Tango Creek property/30 foot easement with 20 foot setback); Paul Guy Kennedy (20 feet); Lawrence P. Kierluff (40 feet); Jeanette Grace Kight (as Trustee for the Jeanette Grace Kight Revocable Trust) (20 feet); Edward P. Kingzett (20 feet); Gunda and Detlev Krischik (20 feet); Geo A. and Theil Larson (20 feet); Lava Crest Development (20 feet); Thomas L. Luelling (20 feet); Jessica L. Masters (20 feet); John R. and B. Earline Monroe (as Trustees for the John R. and B. Earline Monroe Family Trust) (20 feet); Lucy A. O'Callaghan (20 feet); Anthony M. Perry (20 feet); Joyce A. Purcell (as Trustee for the Joe. B. Purcell and Joyce A. Purcell Revocable Trust (40 feet); Carl J. and Shelly R. Rapp (20 feet); Garrett M. Rice (40 feet); James D. Robertson, Sharon K. Robertson, and Judith G. Brown (as Trustees for Saratoga Family Trust) (50 feet); B. Neil and Christine A. Ross (50 feet); RV Investment Co. (20 feet); Richard B. and Elizabeth D. Sack (20 feet); Larry W. Scarth (Boyd Acres View Estates property/40 feet

6    - ORDER

and Summer Meadows Estates property/50 feet); Randall S. Schoning (Hunters Circle property/20 feet); Ronald W. and Donna B. Scott (20 feet); Nicholas W. Shimp (20 feet); Doris L. and Gregory S. Shipley (20 feet); Richard E. Stansill (20 feet); Tangle Creek Partners (30 feet with 20 foot setback); Ron Varcoe (50 foot setback); Guy Vernon (20 feet); Nita Walker (20 feet); Bradley Warkentin (20 feet); and Marcia L. Yarbrough (20 feet).

Previously, I found that easements for certain properties within Section Sixteen extend from the banks of the Swalley Irrigation Canal rather than from the centerline. However, some of the plat maps provided by plaintiff contradict that finding, and I do not adhere to it. See, e.g., Plat 446 for Brookside, First Addition, Plat 397 for Brookside, and Plat 239 for Swalley View. Although I lack sufficient information for other properties to make a conclusive determination, I do not find that this issue precludes final judgment. Rather, as noted above, Section Sixteen properties are subject to plaintiff's irrigation right of way - from either the centerline or the banks of the Swalley Irrigation Canal - as set forth on relevant warranty deeds, title reports, and plat maps. IT IS SO ORDERED.

Dated this __12__ day of February, 2008.

                                                /s/ Ann Aiken
                                                    Ann Aiken
                                     United States District Judge

7   - ORDER